```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

JAMES BROADHEAD,             :
AIS #224802                  :
                             :
     Plaintiff,              :
                             :
vs.                          :        CIVIL ACTION 15-631-KD-M
                             :
D. ROGERS, *et. al.*,        :
                             :
     Defendants.             :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983.  (Doc. 1).[1]  This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72.  For the reasons set forth below, this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(g).

Standard of Review

Under the Prisoner Litigation Reform Act ("PLRA"), prisoners are permitted to file only three meritless suits

---

[1] Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis*. Normally, the court would enter a Notice of Deficient Pleading, advising Plaintiff that he must either pay the full filing fee or submit an application to proceed *in forma pauperis*. However, because Plaintiff's Complaint in this action is subject to the Prison Litigation Reform Act, dismissal is warranted.

1

in the *in forma pauperis* status.  28 U.S.C. § 1915(g). Specifically, § 1915(g) states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  This section, known as the "three-strike rule", mandates that once a prisoner has three actions dismissed for one of the reasons stated above, "he is not entitled to proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger' requirement of § 1915(g)."  *Pointer v. Marc*, 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011).  "[T]he PLRA revokes [*in forma pauperis*] privileges and requires the prisoner to pay the same filing fees that ordinary citizens must file upon commencement of a suit."  *Hubbard v. Haley*, 262 F.3d 1194, 1996 (11th Cir. 2001).  "The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

2

DISCUSSION

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff has had at least three[2] actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Broadhead v. Hopkins, et al.*, CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); *Broadhead v. McConuco, et al.*, CA 09-0384-CB-N (S.D. Ala. May 21, 2010); *Broadhead v. Kirrie et al.*, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and *Broadhead v. O'Brian et al.*, CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010). Therefore, the present action falls within the scope of 28 U.S.C. § 1915(g).[3]

As a result, the only way for Plaintiff to avoid the dismissal of the present action under § 1915(g) is for him to show that he was "under imminent danger of serious

---

[2] A review of the relevant court dockets indicates that Plaintiff has actually filed dozens of complaints during his incarceration, many of which allege nearly the exact same factual allegations and injuries as those which Plaintiff has asserted in the instant action.

[3] Plaintiff's Complaint fails to provide any information relating to his other lawsuits, despite the requirement that he list all such actions. The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for an abuse of process and the counting of the dismissal as a strike. *Hill v. Bishop*, 2012 WL 1698382, at *2-3 (S.D. Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for the plaintiff's failure to list his prior cases because of the plaintiff's failure was an abuse of process).

physical injury" at the time of the complaint's filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)(stating that, "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three-strikes' rule to prevent impending harms, not those harms that had already occurred."); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)(concluding that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In a prisoner action, the complaint is filed when a "prisoner deliver[s] it to the prisoner authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S. 266 (1988).  The filing of this action appears to have occurred between December 6, 2015, when Plaintiff signed and dated the Complaint (Doc. 1 at 8), and December 14, 2015, when it was docketed by the Court. (Doc. 1).[4]

---

[4] For the purposes of this Report and Recommendation, the Court will use December 6, 2015, as the date of the filing.

4

In assessing whether Plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(unpublished) (citations and quotation marks omitted).

According to the Complaint, Plaintiff contends his constitutional rights were violated based on an assault by Defendants wherein Plaintiff "was for ws (sic) to the ground from ablow (sic) to my testicle" and "while on the ground I was kick-ed (sic) again and again to the testicle […] out of hate be douse (sic) of my conviction."  (Doc. 1 at 5.)  The Complaint goes on to allege that Plaintiff suffered a broken elbow, a "burst" head, and broken teeth as a result of his assault. (*Id*. at 4).  Plaintiff's Complaint does not state when this alleged assault occurred and fails to provide any details as to the circumstances leading up to the alleged assault or the roles of the Defendants in the assault.  It also fails to provide any

factual basis from which it could be or should be concluded that Plaintiff was in imminent danger of serious injury on the date that his Complaint was filed.  To the contrary, Plaintiff's Complaint only describes a past event, with insufficient detail, that does not hint at a continuing or ongoing threat of serious injury.

As a result, the Court finds that Plaintiff does not satisfy the exception to § 1915(g).

## CONCLUSION

Based on Plaintiff's failure to pay the full filing fee for this action or to satisfy § 1915(g)'s exception and for the reasons set forth herein above, this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 20th day of January, 2016.

                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE